**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RACHEL M. THOMPSON** | : | |
| **6918 Laird Ave.** | : | **Case No.: 16-00724** |
| **Reynoldsburg, OH  43068** | : | |
| | : | **Judge:** |
| **On Behalf of Herself and Others Similarly** | : | |
| **Situated** | : | **Magistrate:** |
| | : | |
| **Plaintiff,** | : | |
| | : | **AMENDED CLASS ACTION** |
| **v.** | : | **COMPLAINT** |
| | : | |
| **GENERAL REVENUE CORPORATION** | : | |
| **c/o CSC-Lawyers Incorporating Service** | : | |
| **50 W. Broad St., Suite 1800** | : | |
| **Columbus, Ohio 43215** | : | |
| | : | |
| **Defendant.** | : | |

**AMENDED CLASS ACTION COMPLAINT**

Now comes Rachel M. Thompson ("Plaintiff"), by and through her undersigned counsel,

individually and on behalf of all others similarly situated, and based on her own knowledge,

information, and belief, formed after inquiry reasonable under the circumstances, states:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under the

federal laws of the United States, more specifically the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. §§ 1692-1692p.

2.    Venue is appropriate under 28 U.S.C. § 1391 because a substantial part of the events or

omissions giving rise to Plaintiff's claim(s) occurred in this judicial district.

**THE PARTIES**

3.    Plaintiff is a naturally born person who currently resides in Columbus, Ohio.

4.   Defendant General Revenue Corporation ("Defendant") is a for-profit corporation registered as active with the Ohio Secretary of State.

5.   Defendant uses instrumentality(ies) of interstate commerce or the mails in its principle business of collecting debts.

6.   Defendant regularly collects or attempts to collect debts owed or due, or asserted to be owed or due, others.

7.   Defendant collects debts on behalf of multiple clients, including the State of Ohio and/or affiliated entities.

## FACTUAL ALLEGATIONS

8.   In 2014, Plaintiff enrolled for summer classes at Columbus State Community College ("Columbus State"), located in Columbus Ohio.

9.   At that time, Plaintiff had been approved for a Stafford loan, and arranged for her tuition fees to be paid through the loan.

10.  Plaintiff's tuition fees were paid to Columbus State through the Stafford loan.

11.  In or around June 2014, Plaintiff received a refund check from Columbus State.

12.  Plaintiff believed the refund check was sent as a result of overpayment of her tuition fees, and that the refund brought her account balance to zero.

13.  In October 2014, Plaintiff received a letter from Columbus State indicating an outstanding balance of $959.00.

14.  Plaintiff contacted Columbus State on multiple occasions to request a review of her account, and to determine whether any amounts were legitimately owed.

15.  Plaintiff was not able to obtain sufficient account records from Columbus State to substantiate that the $959.00 amount was owed.

2

16. Upon information and belief, Plaintiff does not owe the $959.00 amount.

17. On July 31, 2015, Plaintiff received a dunning letter from Defendant seeking to collect the $959.00 amount, plus an interest amount of $18.37 and a "Collection Cost Balance" of $439.07.

18. A true and accurate copy of the July 31, 2015 dunning letter is attached hereto as "Exhibit A."

19. The dunning letter conveyed information regarding the debt directly to Plaintiff.

20. The dunning letter pertained to an alleged obligation arising out of student tuition fees that were incurred primarily for personal, family, or household purposes.

21. Defendant was not legally entitled to collect any collection costs on the debt, under Ohio law or otherwise.

22. To the extent Defendant was legally entitled to collect certain collection costs, the $439.07 amount Defendant sought to collect (approximately 46% of the principal amount alleged to be owed) was excessive and not authorized by law or otherwise.

**COUNT ONE:  VIOLATION OF 15 U.S.C. §§ 1692e, 1692e(2)(A), and/or 1692e(2)(B).**

23. Plaintiff restates all of the foregoing allegations in this Complaint as if fully restated herein.

24. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

25. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

26. The amount Defendant sought to collect from Plaintiff is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

27. The July 31, 2015 dunning letter mailed by Defendant to Plaintiff is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

28. Defendant's dunning letter asserted that Defendant had the legal right to collect certain collection costs in the amount of $439.07.

29. Defendant's assertion that it had the legal right to collect $439.07 of collection costs comprised the use of a false, deceptive, or misleading representation or means in violation of 15 U.S.C. § 1692e.

30. Defendant's assertion that it had the legal right to collect $439.07 of collection costs comprised a false representation of the character, amount, or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

31. Defendant's assertion that it had the legal right to collect $439.07 of collection costs comprised a false representation of the services rendered or compensation which may be lawfully received by Defendant for its collection of the debt in violation of 15 U.S.C. § 1692e(2)(A).

32. Defendant's dunning letter asserted that Plaintiff owed a principal balance of $959.00.

33. Defendant's assertion that it had the legal right to collect the $959.00 amount comprised the use of a false, deceptive, or misleading representation or means in violation of 15 U.S.C. § 1692e.

34. Defendant's assertion that it had the legal right to collect the $959.00 amount comprised a false representation of the character, amount, or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

35. Defendant's assertion that it had the legal right to collect the $959.00 amount comprised a false representation of the services rendered or compensation which may be lawfully received by Defendant for its collection of the debt in violation of 15 U.S.C. § 1692e(2)(A).

4

36. As a result of Defendant's actions, Plaintiff has incurred actual damages in the form of undue stress, aggravation, lost work-time, costs, and legal fees.

37. Pursuant to 15 U.S.C. § 1692k, Plaintiff is accordingly entitled to actual damages, such additional statutory damages as the Court may allow not exceeding $1,000, and the costs of this action, together with reasonable attorney's fees.

**COUNT TWO: CLASS ALLEGATIONS - VIOLATION OF**
**15 U.S.C. §§ 1692e, 1692e(2)(A), and/or 1692e(2)(B).**

38. Plaintiff restates all of the foregoing allegations in this Complaint as if fully restated herein.

39. Upon information and belief, from July 27, 2015 to present, Defendant mailed or caused to be mailed numerous dunning letters and other collections correspondences, including court complaints, to consumers similarly situated to Plaintiff, attempting to collect consumer debts alleged to be owed to various entities of the State of Ohio ("Putative Class").

40. Upon information and belief, in those dunning letters and other collection communications, Defendant attempted to collect, and in some cases collected, certain collection cost amounts Defendant was not lawfully entitled to collect.

41. Defendant's assertion in those dunning letters and other collection communications that it had the legal right to collect collection costs comprised the use of a false, deceptive, or misleading representation or means in violation of 15 U.S.C. § 1692e.

42. Defendant's assertion in those dunning letters and other collection communications that it had the legal right to collect collection costs comprised a false representation of the character, amount, or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

43. Defendant's assertion in those dunning letters and other collection communications that it had the legal right to collect collection costs comprised a false representation of the

services rendered or compensation which may be lawfully received by Defendant for its collection of the debt in violation of 15 U.S.C. § 1692e(2)(A).

44. Pursuant to 15 U.S.C. § 1692k, the Putative Class members are accordingly entitled to actual damages sustained as a result of Defendant's failure to comply with the FDCPA, including disgorgement of any collection cost amounts illegally collected, and such additional statutory amounts as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of Defendant, and the costs of this action, together with reasonable attorney's fees.

45. Upon further discovery, Plaintiff intends to define and move to certify a class of similarly situated consumers who were sent or caused to be sent by Defendant, on or after July 27, 2015, dunning letters or other collection communications seeking the collection of collection cost amounts pertaining to consumer debts alleged to be owed to various entities of the State of Ohio.

46. This action is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23.

47. Upon information and belief, members of the Putative Class are so numerous that joinder is impractical.

48. Plaintiff estimates that Putative Class members number in the thousands or more.

49. Plaintiff will assure the adequate representation of all members of the Putative Class and has no conflict with Putative Class members in the maintenance of this action.

50. Plaintiff's interests in this action are typical of the class, as the collection cost amount Defendant attempted to collect from Plaintiff was calculated and derived in substantially the same manner as the collection cost amounts Defendant sought from Putative Class members.

51. Plaintiff's interests in this action are antagonistic to the interests of the Defendant.

52. Plaintiff has no interest in or relationship with Defendant that would prevent her from litigating this matter fully on behalf of the Putative Class.

53. Plaintiff is aware that settlement of this class action is subject to court approval.

54. Plaintiff will vigorously pursue the class claims throughout the course of this action.

55. A class action will provide a fair and efficient means to adjudicate this controversy since the claims of the Putative Class members are virtually identical, raising the same questions of fact and law.

56. Most if not all facts needed to determine damages are obtainable from the records of Defendant and the State of Ohio.

57. The purposes of the FDCPA, a broad remedial statute, will be best effectuated by a class action.

58. A class action is superior to other methods for the fair and efficient adjudication of this controversy.

59. Because the damages suffered by most of the Putative Class member are relatively small in relation to the costs, expense, and burden of individual litigation, it would be difficult for members of the Putative Class to individually redress the wrongs done to them.

60. Many if not all of the Putative Class members are unaware that claims exist against Defendant.

61. There will be no unusual difficulty in the management of this action as a class action.

62. Common questions of law predominate over all matters in this class action, as the allegations all concern Defendant's right(s) under Ohio law to collect certain collection

costs on consumer debts owed to Ohio entities, and whether such collection constitutes a violation of a singular federal act (the FDCPA).

**WHEREFORE**, Plaintiff prays for the following relief:

A. A determination that the Defendant violated the Fair Debt Collection Practices Act by attempting to collect the principal balance of $959.00 from Plaintiff;

B. A determination that the Defendant violated the Fair Debt Collection Practices Act by attempting to collect a collection cost balance of $439.07 from Plaintiff;

C. Once Plaintiff has completed discovery and moved for class certification, certification of the Putative Class under Fed. R. Civ. P. 23, with the named Plaintiff as class representative and the undersigned attorneys as class counsel;

D. A judgment entitling Plaintiff and all Putative Class members, upon the claims for relief mentioned in this Complaint, an award in excess of $25,000 pursuant to the remedies set forth in 15 U.S.C. § 1692(k), including disgorgement of any collection costs unlawfully collected;

E. An award to Plaintiff and all Putative Class members of all other remedies that equitably and reasonably flow from Defendant's breach(es) of federal and/or state law and the obligations that arise therefrom;

F. An award to Plaintiff and all Putative Class members their reasonable attorney's fees, costs, disbursements and pre-judgment interest; and

G. An award of such other and further relief that the Court deems just, equitable and proper.

### JURY DEMAND

Plaintiff hereby demands a jury for all issues triable.

Dated this 27th day of July, 2016.

Respectfully submitted,

/s/ Michael B. Zieg

Michael B. Zieg (0066386)
Eric E. Willison (0066795)
James E. Nobile (0059705)
**Nobile & Thompson Co., LPA**
4876 Cemetery Road
Hilliard, Ohio 43026
Phone: 614.529.8600
Fax: 614.629.8656
mzieg@ntlegal.com
eewillison@earthlink.net
jenobile@ntlegal.com
*Counsel for Plaintiff and Putative Class*