UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **RACHEL M. THOMPSON,** | : | CASE NO. 2:16-cv-00734 – GCS-KAJ |
| **Plaintiff,** | : | |
| v. | : | |
| **GENERAL REVENUE CORPORATION,** | : | **VERIFIED ANSWER** |
| **Defendant.** | : | |

Defendant General Revenue Corporation ("GRC") as and for its Answer to the Amended Class Action Complaint ("Complaint") of Rachel M. Thompson ("Plaintiff"), in the above-entitled matter, denies each and every allegation contained therein, unless otherwise admitted or qualified herein, and states and alleges as follows:

1. In response to numbered paragraph 1 of the Complaint, GRC admits that this Court has personal jurisdiction to hear this case, but denies that the Court has subject-matter jurisdiction for lack of information or knowledge sufficient to form a belief. GRC further denies that it has violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") or any other law in this matter.

2. In response to numbered paragraph 2 of the Complaint, GRC does not object to venue, but denies that it has violated the FDCPA or any other law in this matter.

3. In response to numbered paragraph 3 of the Complaint, GRC, upon information and belief, admits.

4. In response to numbered paragraph 4 of the Complaint, GRC admits.

5. In response to numbered paragraph 5 of the Complaint, GRC admits that, at times and under certain circumstances, it uses instrumentalities of interstate commerce or the mails in attempting to collect debts but denies the remaining allegations for lack of knowledge or information sufficient to form a belief.

6. In response to numbered paragraph 6 of the Complaint, GRC admits that, at times and under certain circumstances, it "collects or attempts to collect debts owed or due, or asserted to be owed or due, others" but denies the remaining allegations for lack of knowledge or information sufficient to form a belief.

7. In response to numbered paragraph 7 of the Complaint, GRC admits that it collects debts owed to the State of Ohio.

8. In response to numbered paragraph 8 of the Complaint, GRC denies the allegations for lack of knowledge or information sufficient to form a belief.

9. In response to numbered paragraph 9 of the Complaint, GRC denies the allegations for lack of knowledge or information sufficient to form a belief.

10. In response to numbered paragraph 10 of the Complaint, GRC denies the allegations for lack of knowledge or information sufficient to form a belief.

11. In response to numbered paragraph 11 of the Complaint, GRC denies the allegations for lack of knowledge or information sufficient to form a belief.

12. In response to numbered paragraph 12 of the Complaint, GRC denies the allegations for lack of knowledge or information sufficient to form a belief.

13. In response to numbered paragraph 13 of the Complaint, GRC denies the allegations for lack of knowledge or information sufficient to form a belief.

14. In response to numbered paragraph 14 of the Complaint, GRC denies the allegations for lack of knowledge or information sufficient to form a belief.

15. In response to numbered paragraph 15 of the Complaint, GRC denies the allegations for lack of knowledge or information sufficient to form a belief.

16. In response to numbered paragraph 16 of the Complaint, GRC denies.

17. In response to numbered paragraph 17 of the Complaint, GRC admits that it mailed a letter dated July 31, 2015, to Plaintiff.  GRC further admits that Plaintiff purports to attach a copy of that letter to the Complaint as Exhibit A.  GRC states that the letter speaks for itself and denies any statement about or characterization of the letter inconsistent therewith.

GRC further states that it has been retained by Ohio Attorney General Mike DeWine ("OAG") as a Third Party Collection Vendor ("Vendor").  Attached hereto as **Exhibit 1** is the OAG's Fiscal Years 2016 and 2017 Retention Agreement for Third Party Collection Vendors. (also available at http://www.ohioattorneygeneral.gov/Files/Services/Collections/Special-Counsel-Forms-2015/FY16-TPV-Collections-Retention-Final.aspx (last accessed Sep. 13, 2016)).  In its role as a Vendor of the OAG, GRC assists the OAG in collecting "delinquent accounts comprised of…debts owed to various state…colleges [and] universities," including Columbus State (Ex. 1).

Columbus State Community College is a public educational institution. *See* https://www.ohiohighered.org/campuses/map (last accessed Sep. 13, 2016).  Pursuant to Ohio Rev. Code § 131.02(A), Columbus State Community College must certify debt for unpaid tuition and educational expenses to the OAG for collection where the

3

"amount is not paid within forty-five days after payment is due…." Ohio Rev. Code § 131.02(A); *see also Sheriff v. Gillie*, 136 S. Ct. 1594, 1597 (2016) (citation omitted) ("This case concerns the debt collection practices of those charged with collecting overdue debts to Ohio-owned agencies and instrumentalities. Among such debts are past-due tuition owed to public universities…[u]nder Ohio law, overdue debts are certified to the State's Attorney General, who is responsible for collecting, settling, or otherwise disposing of them."). Under Ohio law, the OAG "may assess the collection cost to the amount certified" for collection by a state college or university "in such manner and amount prescribed by the attorney general." Ohio Rev. Stat. § 131.02(A).

In short, the OAG sets the collection fee amount prior to placing a file with GRC for collection; GRC has no role in determining that fee.

18. In response to numbered paragraph 18 of the Complaint, GRC admits that Plaintiff purports to attach a copy of the letter to the Complaint as Exhibit A. GRC states that the letter speaks for itself and denies any statement about or characterization of the letter inconsistent therewith.

19. In response to numbered paragraph 19 of the Complaint, GRC denies the allegations for lack of knowledge or information sufficient to form a belief.

20. In response to numbered paragraph 20 of the Complaint, GRC admits that the OAG placed an account for Plaintiff with GRC for collection arising from student tuition fees Plaintiff incurred with Columbus State Community College but denies the remaining allegations for lack of knowledge or information sufficient to form a belief.

21. In response to numbered paragraph 21 of the Complaint, GRC denies and specifically incorporates its response to numbered paragraph 17 herein.

4

22.     In response to numbered paragraph 22 of the Complaint, GRC denies and specifically incorporates its response to numbered paragraph 17 herein.

23.     GRC restates and realleges its responses to paragraphs 1-22 as though set forth fully herein.

24.     In response to numbered paragraph 24 of the Complaint, GRC admits.

25.     In response to numbered paragraph 25 of the Complaint, GRC admits.

26.     In response to numbered paragraph 26 of the Complaint, GRC admits.

27.     In response to numbered paragraph 27 of the Complaint, GRC admits.

28.     In response to numbered paragraph 28 of the Complaint, GRC states that the letter speaks for itself and denies any statement about or characterization of the letter inconsistent therewith.

29.     In response to numbered paragraph 29 of the Complaint, GRC denies and specifically incorporates its response to numbered paragraph 17 herein.

30.     In response to numbered paragraph 30 of the Complaint, GRC denies and specifically incorporates its response to numbered paragraph 17 herein.

31.     In response to numbered paragraph 31 of the Complaint, GRC denies and specifically incorporates its response to numbered paragraph 17 herein.

32.     In response to numbered paragraph 32 of the Complaint, GRC states that the letter speaks for itself and denies any statement about or characterization of the letter inconsistent therewith.

33.     In response to numbered paragraph 33 of the Complaint, GRC denies and specifically incorporates its response to numbered paragraph 17 herein.

34. In response to numbered paragraph 34 of the Complaint, GRC denies and specifically incorporates its response to numbered paragraph 17 herein.

35. In response to numbered paragraph 35 of the Complaint, GRC denies and specifically incorporates its response to numbered paragraph 17 herein.

36. In response to numbered paragraph 36 of the Complaint, GRC denies.

37. In response to numbered paragraph 37 of the Complaint, GRC denies.

38. GRC restates and realleges its responses to paragraphs 1-37 as though set forth fully herein.

39. In response to numbered paragraph 39 of the Complaint, GRC denies the allegations for lack of knowledge or information sufficient to form a belief.

40. In response to numbered paragraph 40 of the Complaint, GRC denies and specifically incorporates its response to numbered paragraph 17 herein.

41. In response to numbered paragraph 41 of the Complaint, GRC denies and specifically incorporates its response to numbered paragraph 17 herein.

42. In response to numbered paragraph 42 of the Complaint, GRC denies and specifically incorporates its response to numbered paragraph 17 herein.

43. In response to numbered paragraph 43 of the Complaint, GRC denies and specifically incorporates its response to numbered paragraph 17 herein.

44. In response to numbered paragraph 44 of the Complaint, GRC denies.

45. In response to numbered paragraph 45 of the Complaint, GRC denies the allegations for lack of knowledge or information sufficient to form a belief.

46. In response to numbered paragraph 46 of the Complaint, GRC denies.

47. In response to numbered paragraph 47 of the Complaint, GRC denies.

48. In response to numbered paragraph 48 of the Complaint, GRC denies the allegations for lack of knowledge or information sufficient to form a belief.

49. In response to numbered paragraph 49 of the Complaint, GRC denies.

50. In response to numbered paragraph 50 of the Complaint, GRC denies.

51. In response to numbered paragraph 51 of the Complaint, GRC denies the allegations for lack of knowledge or information sufficient to form a belief.

52. In response to numbered paragraph 52 of the Complaint, GRC denies the allegations for lack of knowledge or information sufficient to form a belief.

53. In response to numbered paragraph 53 of the Complaint, GRC denies the allegations for lack of knowledge or information sufficient to form a belief.

54. In response to numbered paragraph 54 of the Complaint, GRC denies.

55. In response to numbered paragraph 55 of the Complaint, GRC denies.

56. In response to numbered paragraph 56 of the Complaint, GRC denies the allegations for lack of knowledge or information sufficient to form a belief.

57. In response to numbered paragraph 57 of the Complaint, GRC denies.

58. In response to numbered paragraph 58 of the Complaint, GRC denies.

59. In response to numbered paragraph 59 of the Complaint, GRC denies.

60. In response to numbered paragraph 60 of the Complaint, GRC denies the allegations for lack of knowledge or information sufficient to form a belief.

61. In response to numbered paragraph 61 of the Complaint, GRC denies.

62. In response to numbered paragraph 62 of the Complaint, GRC denies.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Any violation of the law or damage suffered by Plaintiff, which GRC denies, was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any liability of GRC.

### THIRD DEFENSE

Any violation of the FDCPA, which GRC denies, was not intentional and resulted, if at all, from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

### FOURTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which GRC denies, was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any claim of damages against GRC.

### FIFTH DEFENSE

Plaintiff has suffered no damages as a result of any acts or omissions of GRC.

### SIXTH DEFENSE

Plaintiff's claims are barred by the doctrine of res judicata.

### SEVENTH DEFENSE

Plaintiff lacks standing to prosecute this action.

### EIGHTH DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## NINTH DEFENSE

Plaintiff has not suffered an articulable concrete injury in fact and therefore Plaintiff's claims, and those of a putative class, fail for lack of subject matter jurisdiction.

## TENTH DEFENSE

Plaintiff's claims fail to satisfy the requirements of Fed. R. Civ. P. 23.

## ELEVENTH DEFENSE

As there is a question as to whether each putative class member suffered any articulable concrete injury in fact, and therefore the Court would lack subject matter jurisdiction, individual issues will predominate and treatment of this matter on a class wide basis is not proper.

**WHEREFORE,** Defendant General Revenue Corporation prays for an order and judgment of this Court in its favor against Plaintiff as follows:

1. Dismissing all causes of action against GRC with prejudice and on the merits; and,

2. Awarding GRC such other and further relief as the Court deems just and equitable.

DATED this 26th day of September 2016.

        Respectfully submitted,

        /s/Kevin R. Feazell_____
        Kevin R. Feazell     (0059634)
        James C. Kezele    (0089610)
        Cors & Bassett, LLC
        537 E. Pete Rose Way
        Suite 400
        Cincinnati, OH 45202
        513-852-8200
        Fax:  513-852-8222
        krf@corsbassett.com
        jck@corsbassett.com

        Attorneys for Defendant
        General Revenue Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of September, 2016, I filed this Verified Answer with the Court using the CM/ECF System, which will serve all parties of interest, including:

Michael B. Zieg, Esq.
Nobile & Thompson Co., LPA
4876 Cemetery Road
Hilliard, OH 43026


        /s/ Kevin R. Feazell_____
        Kevin R. Feazell

## VERIFICATION OF ANSWER AND CERTIFICATION

**STATE OF OHIO** )
) ss
**COUNTY OF WARREN** )

Pursuant to 28 U.S.C. § 1746, Diane Rice, on behalf of Defendant General Revenue Corporation, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am the Director, Client Services & Account Management for the Defendant in this civil proceeding, General Revenue Corporation.  I am a custodian of records for General Revenue Corporation. I am familiar with General Revenue Corporation's processes and procedures.  If called as a witness in this matter, I would be qualified to introduce records and information referred to in this Answer.

2. I have read the above-entitled Answer prepared by attorneys for Defendant General Revenue Corporation and all of the facts contained in it are true, to the best of my knowledge, information, and belief formed after reasonable inquiry.

3. Numbered Paragraph 17 is true and correct, to the best of my knowledge, information, and belief formed after reasonable inquiry.  General Revenue Corporation did not set, establish, or otherwise take part in determining the "Collection Cost Balance" referenced in Plaintiff's Complaint.

4. I believe that this Answer is not interposed for any improper purpose.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  _____

Signature:    _____

753825.1

12