THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Rachel M. Thompson, and all others similarly situated,

    Plaintiff(s)

vs.

General Revenue Corporation

    Defendant(s)

Case No. 16-00734
District Judge: SMITH
Magistrate Judge: JOYNER

RULE 26(f) REPORT OF PARTIES
(to be filed no fewer than seven (7) days prior to the Rule 16 Conference)

1. Pursuant to Fed.R.Civ.P. 26(f), a meeting was held on 11/23/2016 and was attended by:

    James E. Nobile, counsel for plaintiff(s) Rachel M. Thompson

    Michael B. Zieg, counsel for plaintiff(s) Rachel M. Thompson

    Kevin R. Feazell, counsel for defendant(s) General Revenue Corp.

    Patrick D. Newman, counsel for defendant(s) General Revenue Corp.

2. **Consent to Magistrate Judge.** The parties:

    ○ unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. §636(c).

    ● do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. §636(c).

3. **Initial Disclosures.** The parties:

    ○ have exchanged the initial disclosures required by Rule 26(a)(1);

    ○ will exchange such disclosures by _____

    ○ are exempt from such disclosures under Rule 26(a)(1)(E).

    ● have agreed not to make initial disclosures.

4. **Jurisdiction and Venue**

    a. Describe any contested issues relating to: (1) subject matter jurisdiction, (2) personal jurisdiction and/or (3) venue:

    None at this time.

b. Describe the discovery, if any, that will be necessary to the resolution of issues relating to jurisdiction and venue:

None at this time.

c. Recommended date for filing motions addressing jurisdiction and/or venue:

10/13/2017

5. **Amendments to Pleading and/or Joinder of Parties**

a. Recommended date for filing motion/stipulation to amend the pleadings or to add additional parties: 10/13/2017

b. If class action, recommended date for filing motion to certify the class: 11/17/2017

6. **Recommended Discovery Plan**

a. Describe the **subjects** on which discovery is to be sought and the nature and extent of discovery that each party will need:

Defendant's FDCPA liability and defenses, Plaintiff's damages, Class scope, Class statutory and actual damages; and Plaintiff's suitability as a Class representative.

b. What **changes** should be made, if any, in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the local rules of this Court?

None

c. The case presents the following issues relating to disclosure or discovery of **electronically stored information**, including the form or forms in which it should be produced:

ESI may be substantial given Defendant's access to CUBS/CIMS systems with the Ohio Attorney General. Parties will agree to an ESI plan and Discovery Protective Order and file same with the Court on or before 1/18/2017.

d. The case presents the following issues relating to claims of **privilege or of protection as trial preparation materials:**

An ESI Agreement and Discovery Protective Order will contain provisions regarding this issue and will be filed on or before 1/18/2017.

　　i. Have the parties agreed on a procedure to assert such claims **AFTER** production?

● No
○ Yes
○ Yes, and the parties ask that the Court include their agreement in an Order.

e. Identify the discovery, if any, that can be **deferred** pending settlement discussion and/or resolution of potentially dispositive motions:

All discovery may deferred pending determination on Defendant's motion for judgment on the pleadings.

f. The parties recommend that discovery should proceed in **phases**, as follows:

N/A

g. Describe the areas in which **expert testimony** is expected and indicate whether each expert will be specially retained within the meaning of Fed.R.Civ.P. 26(a)(2):

Plaintiff believes expert testimony as to mathematical/algebraic analysis of Defendant's/OAG's/State's computation of "collection costs" will be necessary; Defendant believes expert testimony may be necessary to explain the OAG's interpretation of Ohio law and its processes and procedures for applying and seeking collection costs on debts owed to the State.

　　i. Recommended date for making **primary expert designations**:
12/15/2017

　　ii. Recommended date for making **rebuttal expert designations**:
01/19/2018

h. Recommended discovery **completion date**: 09/15/2017

7. **Dispositive Motion(s)**

    a. Recommended date for filing dispositive motions: 12/29/2017

8. **Settlement Discussions**

    a. Has a settlement demand been made? No    A response? n/a

    b. Date by which a settlement demand can be made: 10/13/2017

    c. Date by which a response can be made: 11/18/2017

9. **Settlement Week Referral**

    The earliest Settlement Week referral reasonably likely to be productive is the

    ◯ March 20____    Settlement Week

    ◯ June 20____    Settlement Week

    ◯ September 20____    Settlement Week

    ⦿ December 20 17    Settlement Week

10. **Other matters for the attention of the Court:**

    None

**Signatures:**

Attorney(s) for Plaintiff(s):

/s/ James E. Nobile
Ohio Bar# 0059705
Trial Attorney for Plaintiff

/s/ Michael B. Zieg
Ohio Bar# 0066386
Trial Attorney for Plaintiff

Ohio Bar# _____
Trial Attorney for _____

Ohio Bar# _____
Trial Attorney for _____

Attorney(s) for Defendant(s):

/s/ Kevin R. Feazell
Ohio Bar# 0059634
Trial Attorney for Defendant

/s/ Patrick D. Newman
Ohio Bar# Pro Hac Vice
Trial Attorney for Defendant

Ohio Bar# _____
Trial Attorney for _____

Ohio Bar# _____
Trial Attorney for _____

4