# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**RACHEL M. THOMPSON,**

    **Plaintiff,**

    v.                                              **Case No.: 2:16-cv-734**
                                                  **JUDGE GEORGE C. SMITH**
                                                  **Magistrate Judge Jolson**

**GENERAL REVENUE CORPORATION,**

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court upon Defendant General Revenue Corporation's Motion to Certify Decision for Interlocutory Appeal ("GRC's Motion") (Doc. 31). GRC's Motion asks the Court to certify for interlocutory appeal, under 28 U.S.C. § 1292(b), its previous Order denying GRC's Motion for Judgment on the Pleadings. (Doc. 27). GRC's Motion is fully briefed and ripe for disposition. For the following reasons, GRC's Motion is **DENIED**.

### I.     BACKGROUND

This case arises from a July 31, 2015 dunning letter sent by GRC to Plaintiff Rachel Thompson for a $959.00 debt that was allegedly owed by Thompson to Columbus State Community College. (Doc. 2, Am. Compl. at ¶¶ 15, 17). The letter also sought interest of $18.37 and a "Collection Cost Balance" of $429.07. (*Id.*).

Thompson commenced an action in this Court under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, asserting GRC's dunning letter contained false representations regarding the amount of the principal balance and GRC's ability to recover the collection costs. GRC alleges that it sent the letter because the Ohio Attorney General certified

Plaintiff's account for collection, specifying the amounts for both the underlying debt and the collection fee. (Doc. 3, Ver. Answer at ¶¶ 17, 18, 20). The Ohio Attorney General was collecting the debt on behalf of Columbus State (where Thompson was a student) pursuant to Ohio Revised Code § 131.02(A). (*Id.* at ¶ 17). GRC further alleges that it is a Third Party Collection Vendor for the Ohio Attorney General and that it assists in collecting debts for the Ohio Attorney General. (*Id.*).

In its Motion for Judgment on the Pleadings (Doc. 5), GRC argued that it was permitted to rely on the Attorney General's representations as to the amount of the principal balance and was not required by the FDCPA to conduct an independent investigation into the amount and validity of the debt. GRC also argued that the collections fee is statutorily allowed by Ohio Revised Code § 131.02(A), which concerns "Collecting amounts due to state." The statute sets forth the procedure by which a state institution like Columbus State certifies debts to the Attorney General for collections, noting:

> if the amount is not paid within forty-five days after payment is due, the officer, employee, or agent shall certify the amount due to the attorney general, in the form and manner prescribed by the attorney general, and notify the director of budget and management thereof.

*Id.* If the amount is due to a college like Columbus State, the timing of certification is moderately different but ultimately not germane to this matter. *Id.* However, the statute also provides that, "[t]he attorney general may assess the collection cost to the amount certified in such manner and amount as prescribed by the attorney general." *Id.*

This Court denied GRC's Motion for Judgment on the Pleadings on August 2, 2017. (Doc. 27). In that Order, the undersigned held that (1) the FDCPA does not permit a debt collector to rely on the creditor's information regarding an alleged debt without meeting the other requirements for use of the bona fide error defense provided by 15 U.S.C. § 1692k(c); and

(2) Ohio Revised Code § 131.02 does not permit the Ohio Attorney General to charge an unlimited and unreviewable amount of collection costs and to seek remittance for those costs from the debtor.

On September 7, 2017, GRC filed the present Motion asking the Court to certify for interlocutory appeal, under 28 U.S.C. § 1292(b), the August 2, 2017 Order denying GRC's Motion for Judgment on the Pleadings.

## II. STANDARD FOR CERTIFICATION FOR INTERLOCUTORY APPEAL

28 U.S.C. § 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

Thus, in determining whether to certify a matter for interlocutory appeal, the Court must decide whether "(1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002). The Sixth Circuit has cautioned that appellate review under § 1292(b) is to be "granted sparingly and only in exceptional cases." *Id.* at 350. "The burden of showing exceptional circumstances justifying an interlocutory appeal rests with the party seeking review." *DRFP, LLC v. Republica Bolivariana de Venezuela*, 945 F. Supp. 2d 890, 918 (S.D. Ohio 2013) (Sargus, J.) (quoting *Trimble v. Bobby*, No. 5:10–CV–00149, 2011 WL 1982919, at *1 (N.D. Ohio May 20, 2011)).

## III. DISCUSSION

GRC asserts that both of the Court's holdings in its August 2, 2017 Order meet the standard for interlocutory appeal under § 1292(b). The Court disagrees. All three prongs must

be satisfied before an order may be certified for interlocutory appeal. While the Order does involve controlling questions of law, such that they "could materially affect the outcome of the case," *In re City of Memphis,* 293 F.3d at 350, and while it is possible that an interlocutory appeal could render unnecessary the costs associated with Thompson's class action allegations and thus materially advance the ultimate termination of the litigation, the Court does not find that a substantial ground for difference of opinion exists regarding the correctness of the decision. The Court examines the difference of opinion prong for each of its holdings in turn.

**A.     Debt collector's inability to rely on creditor's information**

The first holding at issue is that the FDCPA does not permit a debt collector to rely on the creditor's information regarding an alleged debt without meeting the other requirements for use of the bona fide error defense provided by 15 U.S.C. § 1692k(c). (Doc. 27, Order at 9). In reaching this holding, the Court reviewed and rejected GRC's interpretation of the relevant case law. Namely, GRC primarily relied on *Smith v. Transworld Sys., Inc.* for the proposition that debt collectors are not required to undertake an independent investigation as to the amount and validity of the debt. 953 F.2d 1025, 1032 (6th Cir. 1992). However, as pointed out in the Order:

> GRC misunderstands *Smith*. While *Smith* does state that "[t]he statute does not require an independent investigation of the debt referred for collection," *Smith* noted that in place of an independent investigation, "the FDCPA requires 'the maintenance of procedures reasonably adapted to avoid any such error.'" *Id.* (quoting 15 U.S.C. § 1692k(c)). Essentially, *Smith* held that a debt collector need not do an independent investigation of the legality of the underlying debt so long as the debt collector "employs procedures reasonably adapted to prevent errors in amounts referred for collection." *Id.*
>
> In essence, the *Smith* decision reinforced that compliance with the bona fide error defense in 15 U.S.C. § 1692k(c) is sufficient to overcome a claim under the FDCPA. The bona fide error defense consists of the following:
>
> > [a] debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error

4

> notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."
>
> 15 U.S.C. § 1692k(c). Courts have subsequently parsed out a three part test for the bona fide error defense: "a debt collector must prove by a preponderance of the evidence that the violation was unintentional, that it was the result of a bona fide error, and that the debt collector maintained procedures to avoid the error." *Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 537 (6th Cir. 2014) (citing *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 614 (6th Cir. 2009)).

(Doc. 27, Order at 8–9).

In order to bolster its assertion that a difference of opinion exists with regard to whether debt collectors may rely on information obtained from creditors, GRC cites in the present motion additional case law from this Circuit that purportedly conflicts with this Court's decision. *See Michael v. Javitch, Block & Rathbone, LLP*, 825 F. Supp. 2d 913, 921 (N.D. Ohio 2011); *Richeson v. Javitch, Block & Rathbone, LLP*, 576 F. Supp. 2d 861, 868 (N.D. Ohio 2008); *Kafele v. Javitch, Block, Eisen & Rathbone, LLP*, No. 2:03 CV 638, 2004 WL 5178125, at *10 (S.D. Ohio Sept. 27, 2004) (Holschuh, J.); *Mathena v. Bank of New York Mellon*, No. 16-11195, 2016 WL 6893780, at *6 (E.D. Mich. Nov. 23, 2016).

But while each of these cases does state that an independent investigation is not required, each ultimately traces authority for that statement back to *Smith*. And none of these decisions holds that a debt collector may rely on a creditor's information without satisfying the requirements of the bona fide error defense. In other words, GRC has failed to identify any conflicting authority to suggest a reasonable ground for difference of opinion regarding the correctness of the Court's first holding.

**B.     Ohio Attorney General's ability to assess collection costs against debtor**

The second holding at issue is that Ohio Revised Code § 131.02 does not permit the Ohio Attorney General to charge an unlimited and unreviewable amount of collection costs and to seek remittance for those costs from the debtor. (Doc. 27, Order at 15). The Court determined

5

that the statute in question, Ohio Revised Code § 131.02, was ambiguous and that Thompson and GRC each put forth "reasonable but not unambiguous readings of the statute." (*Id.* at 11). Although the Court ultimately rejected GRC's reading, GRC asserts that the parties' different yet reasonable readings of the statute are sufficient grounds to find a difference of opinion.

But the difference of opinion required by § 1292(b) cannot be satisfied merely by conflicting opinions of the litigants on opposite sides of the case. In every case, opposing parties will inevitably offer differing interpretations of the law. What § 1292(b) is concerned with is a difference of opinion among the *courts*. *In re Baker & Getty Fin. Servs., Inc.*, 954 F.2d 1169, 1172 (6th Cir. 1992) (difference of opinion prong satisfied by circuit split).

As pointed out by the parties, whether § 131.02 grants the Ohio Attorney General the unfettered ability to assess collection costs against debtors is a matter of first impression in both the Ohio courts and the Sixth Circuit. But "the fact that this court addressed an issue of first impression does not in and of itself demonstrate the existence of substantial ground for difference of opinion." *Tri Cty. Wholesale Distributors, Inc. v. Labatt USA Operating Co., LLC*, No. 2:13-CV-317, 2015 WL 631092, at *5 (S.D. Ohio Feb. 12, 2015) (Marbley, J.) (collecting cases). Indeed, in the Order, this Court reviewed other relevant statutory provisions, relevant case law, legislative history, and due process concerns in reaching its conclusion that § 131.02 does not grant the power sought by GRC. (Doc. 27, Order at 9–16). While it is always *possible* that another court could arrive at a different answer after considering the same authorities, GRC has not carried its burden to demonstrate that a substantial ground for difference of opinion *exists* regarding the correctness of the decision.

## IV. CONCLUSION

For the foregoing reasons, GRC's Motion to Certify Decision for Interlocutory Appeal is **DENIED**.

The parties are encouraged to reconsider their position on participation in the March settlement week. If the parties do wish to participate, they may contact Magistrate Judge Jolson's chambers to schedule a mediation through the Court.

The Clerk shall remove Document 31 from the Court's pending motions list.

**IT IS SO ORDERED.**

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**